# 19IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

   v.            Criminal Action No. 2:13-cr-32

**VERONICA LEE DOUGHERTY,**
   **Defendant.**

## ORDER/OPINION REGARDING PLEA OF GUILTY

  This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Veronica Lee Dougherty, in person and by counsel, Scott Radman, appeared before me on February 19, 2014. The Government appeared by Brandon Flower, its Assistant United States Attorney. The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count Two of the Indictment.

  The Court proceeded with the Rule 11 hearing by first placing Defendant under oath.

  The Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court asked counsel for the Government if the agreement was the sole agreement offered to Defendant. The Government responded that it was and counsel for Defendant confirmed the same. The Court asked counsel for the Government to summarize the written Plea Agreement. Defendant stated that the agreement as summarized by counsel for the Government was correct and complied with her understanding of the agreement. The Court **ORDERED** the written Plea Agreement filed.

  The Court inquired of Defendant concerning her understanding of her right to have an Article III Judge hear the entry of her guilty plea and her understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant stated in open court that she voluntarily

waived her right to have an Article III Judge hear and accept her plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting her plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of her counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Veronica Lee Dougherty, only after having had her rights fully explained to her and having a full understanding of those rights through consultation with her counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The Court then inquired of Defendant whether she was a citizen of the United States. Defendant responded that she is a citizen. The undersigned asked Defendant whether she understood that if she were not a citizen of the United States, by pleading guilty to a felony charge she would be subject to deportation at the conclusion of any sentence; that she would be denied future entry into the United States; and that she would be denied citizenship if she ever applied for it. Defendant stated that she understood.

The undersigned then reviewed with Defendant Count Two of the Indictment and the elements the government would have to prove, charging her with aiding and abetting the possession of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(D), and 18

U.S.C. § 2. The undersigned then reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charges contained in Count Two of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to her competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against her and understood the possible statutory maximum sentence which could be imposed upon her conviction or adjudication of guilty on that charge was imprisonment for a term of not more than five (5) years; understood that a fine of not more than $250,000.00 could be imposed; understood that both fine and imprisonment could be imposed; understood she would be subject to a period of two (2) years supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. She also understood that her sentence could be increased if she had a prior firearm offense, violent felony conviction, or prior drug conviction. She also understood she might be required by the Court to pay the costs of her incarceration and supervised release.

The undersigned also reviewed with Defendant her waiver of appellate rights as follows:

Ct. Did you and Mr. Radman discuss and did you understand from that discussion that under 18 U.S.C. § 3742 you have a right to appeal your conviction and the sentence that is imposed against you to the Fourth Circuit Court of Appeals provided you give notice of appeal within 14 days of sentencing?

Def. Yes, sir.

Ct. Did you and Mr. Radman discuss and did you understand from that discussion that under 28 U.S.C. § 2255, you may file a motion, commonly called a habeas corpus motion, collaterally attacking your sentence and how that sentence is being carried out?

Def. Yes, sir.

Ct. In paragraph 14, is it your understanding–paragraph 13 and 14, combined, is it your understanding that if the United States District Judge who sentences you imposes an actual sentence which is the same as or equal to an advisory Guidelines sentence with a total offense level of 12 or lower, then, one, you give up your right to directly appeal to the Fourth Circuit under 18 U.S.C. § 3742, and you give up your right to collaterally attack or challenge that sentence by filing a motion, commonly called a habeas corpus motion, under 28 U.S.C. § 2255?

Def. Yes, sir.

Ct. Did you intend to conditionally give up those two rights based upon paragraphs 13 and 14 of your written plea agreement?

Def. Yes, sir.

Ct. You understood those two paragraphs when you signed the agreement?

Def. Yes, sir.

Ct. Has anything about your understanding of those two paragraphs changed since you signed it on February 4th and today?

Def. No, sir.

From the foregoing colloquy the undersigned determined that Defendant understood her appellate rights and knowingly gave up those rights pursuant to the condition contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to her knowledgeable and voluntary execution of the written plea bargain agreement, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned then inquired of Defendant regarding her understanding of the written plea agreement. Defendant stated she understood the terms of the written plea agreement and also stated that it contained the whole of her agreement with the Government and no promises or representations were made to her by the Government or other persons, including her own attorney, other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further inquired of Defendant, her counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Two of the Indictment, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court. The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the felony charged under Count Two of the Indictment. Only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that

the District Judge may not agree with the recommendations or stipulation contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulation contained in the written plea agreement and/or sentenced her to a sentence which was different from that which she expected, she would not be permitted to withdraw her guilty plea. Defendant acknowledged her understanding and Defendant maintained her desire to have her plea of guilty accepted.

Defendant also understood that her actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that she understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced her to a higher sentence than she expected, she would not have a right to withdraw her guilty plea. Defendant also advised that her counsel did discuss with her a possible guideline sentence, but understood that was not a guarantee the District Judge would agree with counsel's estimation. Defendant stated that he had not been promised a specific sentence by anyone, including her attorney. Defendant further understood there was no parole in the federal system, although she may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

Defendant, Veronica Lee Dougherty, with the consent of her counsel, Scott Radman, proceeded to enter a verbal plea of **GUILTY** to the felony charge in Count Two of the Indictment.

The Court heard the testimony of United States Postal Inspector Charles Gerhart, the case agent. On July 24, 2013, a Postal Inspector in California contacted Inspector Gerhart and notified

him that Elizabeth Sweatt, Defendant's co-defendant in this case, had mailed two packages that possibly contained marijuana. One of these packages was mailed to Elkins, West Virginia, within the Northern District of West Virginia. On July 25, 2013, Inspector Gerhart intercepted the Express Mail package at his office in Clarksburg, West Virginia. He took the package to Elkins, where a United States Forestry canine unit alerted to the package. Inspector Gerhart took the package to the United States Post Office in Elkins and placed a notice in Defendant's post office box. Subsequently, Defendant came to the Post Office, retrieved the notice, and identified herself to pick up the package. Inspector Gerhart identified himself and asked Defendant if she would talk to him about the contents of the package, and Defendant agreed. Defendant gave consent for the package to be opened. Inside the package was approximately one pound of marijuana. Defendant admitted that she had received the package from Sweatt, whom she had met in the past. Defendant paid for marijuana by either making direct deposits into an account owned by Sweatt or by sending money orders through the mail. Defendant stated that she would then sell the marijuana along the East Coast.

Defendant stated she heard, understood, and did not disagree with the testimony of Inspector Gerhart. The undersigned United States Magistrate Judge concludes the offense charged in Count Two of the Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense. That independent basis is provided by the testimony of Inspector Gerhart. Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood her right to have an Article III Judge hear and accept her plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting her plea; Defendant understood

the charges against her, not only as to the Indictment as a whole, but in particular as to Count Two of the Indictment; Defendant understood the consequences of her plea of guilty, in particular the maximum statutory penalty to which her would be exposed; Defendant made a knowing and voluntary plea of guilty to Count Two of the Indictment; and Defendant's plea is independently supported by the testimony of Inspector Gerhart, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to Count Two of the Indictment and finds her guilty on said charge as contained in Count Two of the Indictment.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is continued on release pursuant to the Order Setting Conditions of Release previously entered in this matter.

It is so **ORDERED**.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

DATED: February 21, 2014

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE